UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT DOHN,

    Plaintiff,

v.                                                    CASE NO. 18-10884
                                                    HONORABLE SEAN F. COX

HEIDI WASHINGTON,
O'BELL THOMAS WINN,
WILLIAM FOY, TIA CLARK,
JAMES ZUMMER, and
FRANCIS SZOSTAK,

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL AND SUMMARILY DISMISSING THE COMPLAINT**

**I. Introduction**

This case recently came before the Court on plaintiff Scott Dohn's *pro se* civil rights complaint for monetary, declaratory, and injunctive relief under 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Saginaw Correctional Facility (SRF) in Freeland, Michigan. The defendants are Heidi Washington, Director of the Michigan Department of Corrections, and the following individuals employed by the Department of Corrections at SRF: warden O'Bell Thomas Winn; deputy warden William Foy; special activities director Tia Clark; resident unit manager James Zummer; and counselor Francis Szostak.

Plaintiff alleges that he was transferred to SRF in June of 2017 so that he could be housed in a newly-created Veterans' Housing Unit. According to Plaintiff, the purpose of the Veterans' Housing Unit is to develop, create, and implement

rehabilitative programs for incarcerated veterans. Upon arriving at SRF, Plaintiff was permitted to participate in a "P.T.S.D. Dog-Training Program." He claims, however, that even though he participated in the program for a significant period of time without incident or any cause for concern, defendant Szostak abruptly removed him from the program without a proper hearing. Szostak's reason for removing Plaintiff from the program was that Plaintiff was not honorably discharged from the military and, therefore, he was not a real veteran and did not deserve to reside in the Veterans Housing Unit or participate in the dog-training program. Defendant Zummer upheld Szostak's decision, and Plaintiff was unsuccessful in obtaining relief through the prison grievance system.

Plaintiff asserts that his rights to due process and equal protection of the law were violated when he was removed from the dog-training program. Specifically, Plaintiff states that the defendants did not provide him with a proper hearing before removing him from the program and their reason for removing him from the program was discriminatory. He contends that, had he been able to stay in the program, he would have continued to earn a wage, he would have rehabilitated himself, and he would have had a greater chance of release from custody.

## II. Discussion

Due to Plaintiff's indigence, the Court permitted Plaintiff to avoid prepaying the fees and costs for this action. See Dkt. #2 and #4. Under the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss "any prisoner action brought under federal law if the complaint is frivolous,

2

malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant immune from such relief." *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### A. The Due Process Claim

To prevail on his due process claim, Plaintiff must show "that a protected property or liberty interest was violated." *Wershe v. Combs*, 763 F.3d 500, 506 (6th Cir. 2014). Plaintiff has not identified a protected property interest, and to the extent he argues that he had a liberty interest in not being discharged from the dog-training

3

program, his claim lacks merit because the Supreme Court has "rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right." *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Moreover, prisoners have no constitutional entitlement to a particular classification or eligibility for rehabilitative programs sufficient to invoke due process. *Id.; accord Argue v. Hogmeyer*, 80 F. App'x. 427, 429 (6th Cir. 2003) (stating that "[p]risoners have no constitutional right to rehabilitation, education, or jobs"); *Manning v. Unknown Parties*, 56 F. App'x 710, 711 (6th Cir. 2003) ("In general, a prisoner has no constitutional right to rehabilitation."); *Ziegler v. McGinnis*, 32 F. App'x 697, 699 (6th Cir. 2002) (same). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976).

To conclude, Plaintiff had no constitutional right to participation in the dog-training program, and "[w]here an interest is not a protected one, there is no cognizable harm to the individual when deprived of that interest." *Orr v. Hawk*, 156 F.3d 651, 654 (6th Cir. 1998). The defendants are not liable for the alleged misconduct, and Plaintiff's due process claim lacks facial plausibility.

### B. The Equal Protection Claim

Plaintiff alleges that the defendants discriminated against him when they removed him from the dog-training program because they disregarded his military service on the basis of their personal opinions of what a veteran is and what constitutes

4

a valid separation from military service. Plaintiff maintains that he *is* a veteran, as that term is defined in 38 U.S.C. § 101(2)[1], and that the defendants' failure to recognize this constitutes unfair and unequal treatment.

"The purpose of the Equal Protection Clause is to assure that similarly situated individuals will be treated alike," and "to establish an equal protection violation, Plaintiff[] must allege or prove discriminatory intent or purpose." *Kubik v. Brown*, 979 F. Supp. 539, 551 (W.D. Mich. 1997). Here, Plaintiff has not shown that the defendants treated him differently from similarly-situated individuals. He also has not shown that the defendants had a discriminatory intent or purpose. Thus, his equal protection claim fails.

### III. Conclusion

Plaintiff's claims lack an arguable basis in law and fail to state a plausible claim for which relief may be granted. Accordingly, the Court denies Plaintiff's request for appointment of counsel (Dkt. #3) and summarily dismisses his complaint (Dkt. #1) under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court certifies that an appeal from this decision would be frivolous and could not be taken in good faith.

s/Sean F. Cox
SEAN F. COX
Dated: May 22, 2018     UNITED STATES DISTRICT JUDGE

---

[1] According to § 101,

> [t]he term "veteran" means a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable.

38 U.S.C. § 101(2).