UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT DOHN,

       Plaintiff,

v.

       CASE NO. 18-10884

HEIDI WASHINGTON,      HONORABLE SEAN F. COX
O'BELL THOMAS WINN,
WILLIAM FOY, TIA CLARK,
JAMES ZUMMER, and
FRANCIS SZOSTAK,

       Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [10]

### I. Introduction

This matter initially came before the Court on plaintiff Scott Dohn's *pro se* civil rights complaint for monetary, declaratory, and injunctive relief under 42 U.S.C. § 1983. Plaintiff is a state prisoner at the Gus Harrison Correctional Facility in Adrian, Michigan. The defendants are Heidi Washington, Director of the Michigan Department of Corrections, and five individuals employed by the Department of Corrections at the Saginaw Correctional Facility in Freeland, Michigan.

Plaintiff alleges in his complaint that he was transferred to the Saginaw Correctional Facility in 2017 so that he could live in a newly-created veterans' housing unit. Upon his arrival there, he was permitted to participate in a "P.T.S.D. Dog-Training Program." Although he participated in the program for a significant period of time, he was removed him from the program on the basis that he was not honorably discharged from the military and, therefore, did not deserve to reside in the veterans' housing unit or to

participate in the dog-training program. Plaintiff asserts in his complaint that his removal from the dog-training program violated his rights to due process and equal protection of the law.

On May 22, 2018, the Court summarily dismissed the complaint because Plaintiff's claims lacked an arguable basis in law and failed to state a plausible claim for relief. The Court noted that Plaintiff lacked a protected liberty interest in being rehabilitated and, thus, there was no cognizable harm when he was removed from the dog-training program. The Court stated that Plaintiff's equal protection claim failed because he had not shown that he was treated differently from similarly-situated individuals or that the defendants had a discriminatory intent or purpose. Now before the Court is Plaintiff's unsigned motion for reconsideration.

## II. Discussion

### A. Timeliness

The Court begins its analysis by noting that, in this District, motions for reconsideration must be filed within fourteen days after entry of the judgment or order in question. LR 7.1(h)(1). The Court dismissed Plaintiff's complaint and entered its judgment on May 22, 2018. *See* Op. and Judgment, Docket Nos. 7 and 8. The deadline for Plaintiff's motion was fourteen days later, on June 5, 2018. Plaintiff's motion for reconsideration is dated June 7, 2018, *see* Docket No. 10, Page ID. 52, and it was filed on June 21, 2018. Nevertheless, Plaintiff did notify the Clerk of the Court on June 4, 2018, that he needed an extension of time to file a response to the Court's order of

dismissal because he had limited access to the prison law library. *See* Docket No. 9. Accordingly, the Court will proceed to address the merits of Plaintiff's motion.

### B. Merits

This District's Local Rules provide that,

> [g]enerally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3).

Plaintiff contends that his complaint is not frivolous and that he was entitled to have the complaint treated less stringently than pleadings drafted by lawyers. He also contends that the Court should not have summarily dismissed his complaint based on his bare factual allegations. He maintains that he should have been given an opportunity to make legal arguments and have his complaint served on the defendants. *See* Mot. for Reconsideration, pp. 1-4, Docket No. 10, Page ID 43-46.

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, however, a federal district court must screen a prisoner's complaint and dismiss the complaint if it is frivolous, malicious, fails to state a claim for relief, or seeks monetary relief from defendants who are immune from such relief. The Court determined that Plaintiff's claims lacked an arguable basis in law and, therefore, were frivolous under *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court also determined that the allegations in the complaint failed to state a plausible

claim for which relief could be granted.  Having made those determinations, the Court was required to summarily dismiss the complaint.

Plaintiff, nevertheless, maintains that the allegations in his complaint *do* state a claim under Michigan law.  This argument lacks merit, because violations of state law are not a basis for relief in an action brought under § 1983.  Section 1983 is "limited to deprivations of *federal* statutory and constitutional rights.  It does not cover official conduct that allegedly violates *state* law."  *Huron Valley Hosp., Inc. v. City of Pontiac*, 887 F.2d 710, 714 (6th Cir. 1989) (emphases in original).

Furthermore, Plaintiff has not persuaded the Court that his federal constitutional rights were violated.  Although "state law may create enforceable liberty interests in the prison setting," *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 461 (1989), it does so "by placing substantive limitations on official discretion" and "by mandating the outcome to be reached upon a finding that the relevant criteria have been met."  *Id.* at 462.  In other words, "the use of 'explicitly mandatory language,' in connection with the establishment of 'specified substantive predicates' to limit discretion, forces a conclusion that the State has created a liberty interest."  *Id.* at 463.

Plaintiff contends that the Michigan Department of Corrections created a liberty interest when it qualified him for the veterans' housing unit at the Saginaw Correctional Facility and permitted him to participate in the dog-training program.  Thus, according to him, his rights to due process and equal protection of the law were violated when he was removed from the veterans' housing unit and the dog-training program.  To support this argument, Plaintiff attached the following documents to his motion:  an announcement by

4

the Michigan Department of Corrections in 2017 that it was creating a veterans housing unit (Compl., Docket No. 10, Attachment B, Page ID 60); and two letters which were sent to Plaintiff regarding the new veterans housing unit and dog program (*id.*, Attachments C and D, Page ID 62 - 65).

The documents indicate that the Michigan Department of Corrections has discretion in deciding who may live in the veterans housing unit and participate in the dog-training program. Significantly, for purposes of Plaintiff's complaint, "a veteran's discharge status must be Honorable or General (under honorable conditions)." *Id.*, Attachment B, Page ID 60. In addition, "[a]ll applications [are] reviewed to verify military service, security level, and programming needs." *Id.* Even if an inmate does qualify for the veterans' housing unit, the unit has a capacity of 240 inmates, and some of the beds in the unit are reserved for inmates who need special accommodations, such as a wheelchair bed or a bottom bunk. *Id.*, Attachment C, Page ID 63. Inmates can be disqualified from the dog-training program due to prison misconduct tickets, gang affiliation, and a history of abusive behavior. *Id.*, Attachment D, Page ID 65.

The documents fall short of mandating participation in the veterans' housing unit or the dog-training program upon a finding that the relevant criteria have been met. Even if the Court were to conclude otherwise, Plaintiff did not satisfy the relevant criteria. The defendants apparently determined after Plaintiff began living in the veterans' housing unit and participating in the dog-training program that he did not satisfy the "honorable discharge" requirement mentioned in the 2017 announcement about the veterans' housing unit. Thus, Plaintiff lacked a protected liberty interest in residing in the special

5

housing unit or in participating in the dog-training program, and he was not entitled to the protections of the Due Process Clause. *Thompson*, 490 U.S. at 465.

### III. Conclusion

Plaintiff has failed to show that the Court made a palpable error when it summarily dismissed his complaint as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Therefore, his motion for reconsideration, Docket No. 10, is denied.

s/Sean F. Cox  
SEAN F. COX  

Dated: 2/20/2019                  UNITED STATES DISTRICT JUDGE